| | | |
|---|---|---|
| ADRIENNE MYERS, Personal Representative for ESTATE OF CURTIS JAMAL DEAL 1158 Nanticoke Street, Baltimore, Maryland 21230 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| | * | BALTIMORE CITY |
| v. | * | |
| DET. DAVID KINCAID 601 East Fayette Street, Baltimore, Maryland 21230 | * | Case#: ⊃4-C-21-⊏ॶᒻᒻ |
| | * | |
| Defendant | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES, Plaintiff, Curtis Jamal Deal, by and through his attorney, J. Wyndal Gordon of THE LAW OFFICE OF J. WYNDAL GORDON, P.A., to submit this Complaint and Request for Jury Trial alleging as true the following:

## JURISDICTION

1.      That Co-Plaintiff Adrienne Meyers ("Meyers" or Co-Plaintiff) as Personal Representative of the Estate of Curtis Jamal Deal is a resident of the City of Baltimore, State of Maryland.

2.      Plaintiff, Decedent, Curtis Jamal Deal ("Plaintiff" or "Deal") was a resident of the City of Baltimore, State of Maryland.

3.      That Defendant, Det. David Kincaid ("Kincaid," "Det. Kincaid," or "Defendant"), was at all times alleged herein a Baltimore City Police Officer/Detective and therefore he carried on a vocation in the City of Baltimore, State of Maryland; at all times alleged herein he was acting under color of law in his individual and/or official capacity.

1

4.      That all events alleged occurred in the City of Baltimore, State of Maryland.

## STATEMENT OF FACTS

Plaintiffs incorporate by reference the allegations contained in paragraphs 1-4 as if fully set forth herein:

5.      On Tuesday February 7, 2017, Defendant, Det. David Kincaid, was in a foot pursuit of Curtis Jamal Deal on Frederick Avenue near South Monroe Street.  They crossed paths near an alley where Kincaid who already had his weapon drawn, met up with deal, who was in a headlong stride.  All of a sudden, after Kincaid barks out commands to halt, Deal twists back as he ran into the street, inadvertently lifted his gun in the direction of Kincaid and allegedly made him feel threatened.  Kincaid fired his weapon several times striking Deal three times in the lower hip, torso area.

6.      Deal squirmed on the ground, writhing in pain, and decrying that he did not want to die, while pleading for medical attention.

7.      His cries were ignored, for several of lifesaving minutes, he was left to lie in the middle of the street without any meaningful first aid or medical support.  Deals injuries were not immediately fatal with appropriate and timely medical attention.

8.      However, by the time EMS were called to the scene, Deal had "no vital signs or signs of life in the field."

9.      That Deals injuries were so obvious that Det. Kincaid could easily recognize the necessity for an emergency trauma doctor's attention, to prevent Deal from losing too much blood and bleeding out; however, because of his deliberate indifference to Deal suffering from his mortal wounds, he made no attempt to secure any.

10.    Det. Kincaid knew that a substantial risk of serious harm and even death existed if Deal did not receive prompt emergency medical treatment.

11.    Curtis Deal died on the street where he was shot because Det. Kincaid after mortally wounding him, allowed Deal to remain in that position for an unreasonably protracted period of time, without providing, or refusing to get him the timely and appropriate medical aid he needed to save his life.

12.    That by the time EMS was called to the Deal had no vital signs or signs of life.

13.    Det. Kincaid's conduct after mortally wounding Deal was egregious and involved an unnecessary and wanton infliction of pain, and as a result, Adrienne Meyers, the personal representative of Deal's estate is filing this
complaint for violating his civil rights.

## COUNT I

### 42 U.S.C. §1983

*Fourteenth Amendment & Article 24 violation*

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 - 13 as if fully set forth herein:

14.    The concept of equal protection or equal treatment is embodied in the due process requirements the 14th Amendment and Article 24 of the Maryland Declaration of Rights.

15.    The equal treatment/protection concept obligates the state to provide medical care to suspects injured while being apprehended by the police.

16.    When Det. David Kincaid shot and mortally injured Curtis Deal, and Deal immediately began writing in pain and begging Det. Kincaid for medical atention and not to let

3

him die on the street, Kincaid was placed on notice that Deal needed prompt emergency medical attention or he would suffer a substantial risk of serious harm or death.

17.   Det. Kincaid handcuffed Deal, observed his injuries, and still failed or refused to render assistance or call for medical aid because of his callousness and extreme deliberate indifference to Deal's pain and suffering from his injuries that were certain to cause death if left unattended for a protracted period of time.

18.   Det. Kincaid knew Deal was in serious need for medical care and ignored his immediate complaints of pain, immobility, and request for medical attention; Det. Kincaid also knew that Deal would die if he did not receive the medical attention required to stop the external and internal bleeding.

19.   As a direct and proximate cause of Defendant, Det. Kincaid's failure to render aid for a protracted period of time, Curtis Jamal Deal died on the street; Kincaid's conduct was egregious and involved an unnecessary and wanton infliction of pain and death.

20.   Kincades conduct was further so arbitrary that it shocks the conscience; after Deal was shot, stopped, and survived the missile attack from Kincaid firearm, Kincaid intended or was deliberately indifferent to Deal suffering further harm in the form of death without justification.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 - 20 as if fully set forth herein:

53.   The conduct described above and throughout this complaint attributed to Det. Kincaid was intentional or reckless and extreme and outrageous and it caused Deal to suffer

4

severe emotional distress as he begged for emergency medical assistance to save his life.

54.     Kincaid is liable to Deal for damages caused by his reckless and/or deliberate indifference to Deals demand for medical aid and request that Kincaid arrange it as described in further details above, and thus the failure to do so was extreme and outrageous given the fact that Det. Kincaid knew Deal was mortally wounded from Kincaid's gunshots.

55.     Deal was obviously injured in the lower abdominal region where his vital organs are anatomically located, broken and Deal made it known that he was in extreme pain and in need of emergency medical assistance.

56.     Det. Kincaid would not remove the handcuffs from Plaintiffs arms and would not contact medical for assistance until unreasonable amount of time had passed which made his injuries irreparable and death certain.

57.     Det. Kincaid's conduct post arrest in failing to render or arrange emergency medical aid as alleged above was intentionally and/or recklessly engaged to inflict severe emotional distress and torment Deal during his final moments of life; and Det. Kincaid knew or was substantially certain that Deal's emotional distress would result;

59.     Alternatively, Det. Kinciad knew his conduct post arrest as alleged was engaged recklessly in deliberate disregard of a high degree of probability that Deal's emotional distress would follow.

60.     That as a direct and proximate cause of Det. David Kincaid's conduct, Plaintiff experienced extreme pain & suffering, severe emotional distress in the form of mental anguish, anxiety, desperation, physical illness, maladies, and ultimately died in street where he laid, while in handcuffs, for an unreasonably protracted period of time without emergency medical aid or the

arrangement of emergency medical aid.

WHEREFORE, Plaintiff, Estate of Curtis Jamal Deal, is requesting a judgment against

Det. David Kincaid in an amount that exceeds $75,000 in compensatory and punitive damages,

as well as attorneys fees and court costs.

Respectfully submitted,

/s/

J. Wyndal Gordon
**THE LAW OFFICE OF J. WYNDAL GORDON, P.A.**
20 South Charles Street, Suite 1102
Baltimore, Maryland 21202
410.332.4121
Attorney for Plaintiff

6

| | | |
|---|---|---|
| **ADRIENNE MYERS,** Personal Representative for **ESTATE OF CURTIS JAMAL DEAL** 1158 Nanticoke Street, Baltimore, Maryland 21230 | * | IN THE |
| | * | CIRCUIT COURT |
| | * | FOR |
| Plaintiff | * | BALTIMORE CITY |
| v. | * | |
| **DET. DAVID KINCAID** 601 East Fayette Street, Baltimore, Maryland 21230 | * | Case#: _____ |
| | * | |
| Defendant | | |

**********************************************************************************

## REQUEST FOR JURY TRIAL

NOW COMES, Plaintiff to demand a Jury Trial in this matter.

Respectfully submitted,

/s/
_____
J. Wyndal Gordon
**THE LAW OFFICE OF J. WYNDAL GORDON, P.A.**
20 South Charles Street, Suite 1102
Baltimore, Maryland 21202
410.332.4121
Attorney for Plaintiff

7